```
                IN THE UNITED STATES DISTRICT COURT
                    FOR THE DISTRICT OF MARYLAND

TIM BOND, on his own behalf      *
  and on behalf of all others
  similarly situated             *

            Plaintiffs            *

        vs.                       *   CIVIL ACTION NO. MJG-15-923

CRICKET COMMUNICATIONS, LLC       *

            Defendant             *

*       *       *       *       *       *       *       *       *
                    MEMORANDUM & ORDER RE: STAY
```

The Court has before it Proposed Intervenor Michael Scott's Motion for Stay Pending Appeal [ECF No. 52] and the materials related thereto. The Court has reviewed the materials provided by the parties and finds that a hearing is not needed.

I.    RELEVANT BACKGROUND[1]

Plaintiff, Tim Bond ("Bond") filed this putative class action against Defendant Cricket Communications, LLC ("Cricket")[2] on May 8, 2015. On September 24, 2015, Michael A. Scott

---

[1] For a more detailed factual and procedural background, see Memorandum and Order Re: Intervene [ECF No. 47].
[2] Bond's initial Class Action Complaint [ECF No. 1] was filed on March 31, 2015 against AT&T Inc. ("AT&T"), but Bond substituted Cricket as Defendant in the First Amended Class Action Complaint [ECF No. 3] on May 8, 2015. AT&T announced its agreement to acquire Cricket Communications Inc. on July 12, 2013. After acquiring Cricket Communications Inc., AT&T formed Cricket Communications, LLC to carry on the business of the former company.

("Scott") filed a putative class action against Cricket in the Circuit Court for Baltimore City. Scott's lawsuit was removed to this Court (GLR-15-3330), remanded back to state court, appealed, and then remanded back to federal court. During the pendency of Scott's appeal, the state court granted Scott's motion for class certification, which is now subject to a motion to vacate in federal court. Also pending in Scott's lawsuit is a motion to vacate the state court's order denying Cricket's motion to compel arbitration, a motion to remand the case back to state court, a motion to stay proceedings in part, and a motion to compel arbitration.

In August 2017, Bond and Cricket mediated a nationwide class settlement in principle. Scott asserts that the settlement is not as favorable to the plaintiffs as the settlement that Scott could obtain.

Scott's attempt to intervene in Bond's lawsuit was denied as untimely on October 26, 2017. Scott has appealed the Court's denial of his intervention and by the instant motion, seeks a stay pending this appeal.[3]

Bond and Cricket have subsequently filed a Motion for Preliminary Approval of Settlement [ECF No. 56], but request that the Court rule on the motion only after an order is entered

---

[3] The Fourth Circuit has granted Scott's request to expedite case processing and tentatively scheduled oral argument during the March 20-23, 2018 session. Order, ECF No. 59-1.

2

in Scott's lawsuit voiding or vacating the state-court order certifying the class of Maryland citizens. The settlement agreement includes a clause that gives Cricket the unilateral right to terminate the settlement if the Maryland-certified class is not vacated. Therefore, the rendering of a decision in the Scott lawsuit can be considered a practical prerequisite to the effectiveness of the Bond-Cricket Settlement Agreement.

II. LEGAL STANDARD

"A stay is not a matter of right," but rather is "an exercise of judicial discretion," and the propriety "is dependent upon the circumstances of the particular case." Nken v. Holder, 556 U.S. 418, 433 (2009)(quoting Virginian Ry. Co. v. United States, 272 U.S. 658, 672-73 (1926)). The standards for granting a stay closely resemble the standards for the grant of a preliminary injunction: "(1) whether the stay applicant has made a strong showing that he is likely to succeed on the merits; (2) whether the applicant will be irreparably injured absent a stay; (3) whether issuance of the stay will substantially injure the other parties interested in the proceeding; and (4) where the public interest lies." Id. at 434 (quoting Hilton v. Braunskill, 481 U.S. 770, 776 (1987)); see also Long v. Robinson, 432 F.2d 977, 979 (4th Cir. 1970)(stating that the four factors are the law of this circuit).

"The first two factors of the traditional standard are the most critical." Nken, 556 U.S. at 434. The party requesting the stay must demonstrate more than a "mere possibility" of relief or irreparable harm. Id. at 434-35 (citations omitted). "The party requesting a stay bears the burden of showing that the circumstances justify an exercise of [the court's] discretion." Id. at 433-34 (citations omitted).

III. DISCUSSION

    A.    Probability of Scott's Success on Appeal

Scott argues that an October 26, 2017 decision from the U.S. Court of Appeals for the Eleventh Circuit,[4] which reversed a district court's denial of a motion to intervene, is materially identical to the circumstances herein, and therefore his appeal is likely to succeed. The Eleventh Circuit case, however, is not similar to the instant case. Nor was its underlying motion to intervene denied on the basis of timeliness. See Tech. Training Assocs., Inc. v. Buccaneers Ltd. P'ship, 874 F.3d 692, 694 (11th Cir. 2017). In Tech Training, a lawyer with the firm representing the named plaintiff left the law firm and joined a new law firm, which then filed a competing case with the

---

[4] Tech. Training Assocs., Inc. v. Buccaneers Ltd. P'ship, 874 F.3d 692, 694 (11th Cir. 2017) was issued on the same day as this Court's order denying Scott's motion to intervene, so the Court did not have an opportunity to analyze the implications of its reasoning prior to issuing its decision.

4

settling defendant, "deliberately underbid[ding] the movants in an effort to collect attorney's fees while doing a fraction of the work . . . ." 874 F.3d at 697. Under those circumstances, the Eleventh Circuit court found that the movants met the requirements to intervene as of right, and timeliness was never a disputed factor. Id. at 695, 698.

In the instant case, the Court reviewed the threshold timeliness factors, found that Scott's intervention motion was untimely, and exercised its discretion to deny the motion. Memorandum and Order Re: Intervene 16, ECF No. 47. The Court finds that the reasons for denying Scott's motion remain valid and that the Tech Training case does not provide any new support for Scott's argument to the contrary.

For Scott to succeed on his appeal, he must establish that his motion was timely and that the Court abused its discretion. See, e.g., Alt v. U.S. E.P.A., 758 F.3d 588, 591 (4th Cir. 2014) ("The determination of timeliness is committed to the sound discretion of the trial court and will not be disturbed on appeal absent an abuse of that discretion.").

Scott has not made a strong showing that the motion was timely or that the Court abused its discretion by denying the motion. Hence, Scott has not carried the burden to establish that he is likely to succeed on the merits. Therefore, the absence of such a showing weighs against a stay.

B.  <u>Irreparable Injury to Scott</u>

The Court is not convinced that Scott will suffer irreparable injury from the denial of a stay.  Scott argues that he will be harmed by the instant case proceeding because he will not be able to fulfill his duties to the class he represents.  However, Bond and Cricket have requested that the Court not consider preliminary approval of the settlement until there has been a ruling on the motion to vacate Scott's state class certification.  Should the motion to vacate class certification be granted, Scott will no longer have any duties to fulfill.  Alternately, should the motion to vacate class certification be denied, Cricket will withdraw from the settlement, and the instant case will proceed to resolution.

Scott can protect his interests by exercising his right to participate and object to the settlement in the fairness hearing if he does not opt-out of the nationwide class. Scott could, alternatively, choose to opt-out of the settlement and continue to pursue his separate litigation against Cricket.

The second, irreparable injury, factor weighs against a stay.

C.  <u>Harm to Bond and Cricket</u>

There appears to be little risk of prejudice to the existing parties by granting a stay pending Scott's appeal.

Certainly, a delay in the orderly resolution of the case can be considered undesirable. However, even under the proposed settlement, the resolution of the case is delayed until after resolution of the motion to vacate the state class certification in Scott's lawsuit. If the class certification is vacated, the Court may provide preliminary approval, and, if it does so, the case must proceed through the class settlement timetable. The final approval process is proposed to occur 115 days after preliminary approval. Briefly stated, the parties do not presently anticipate the settlement to be approved and effective in the near future.

Finally, the Fourth Circuit has granted Scott's request to expedite the pending appeal.

The third factor, harm to the parties from a stay, does not weigh strongly in favor of — or against — a stay.

D. <u>Public Interest</u>

Scott argues that the public interest is best served by a stay in order to avoid wasting resources on class action litigation that does not have adequate representation. Certainly, the public interest is served by ensuring that the class is adequately represented. Of course, determining if there is adequate representation is part of the class action settlement approval process that this Court will undertake. A

7

stay would not expedite, and could delay, the Court's determination regarding whether the proposed settlement is fair, adequate, and a reasonable resolution of the claims of a nationwide class.  The fourth factor tends to weigh against a stay.

    E.    <u>Resolution</u>

Scott has demonstrated no more than a mere possibility of success in his appeal and has not shown that he will suffer irreparable harm in the absence of a stay.  He has not met his burden to show the circumstances that would justify a stay.  Accordingly, the Court shall deny Scott's motion to stay the instant case pending his appeal.

IV.  CONCLUSION

For the foregoing reasons:

1.  Proposed Intervenor Michael Scott's Motion for Stay Pending Appeal [ECF No. 52] is DENIED.

2.  The Court shall consider in due course the pending Motion for Preliminary Approval of Settlement, and for Approval of the Form, Manner and Administration of Notice [ECF No. 56].

3.  The parties shall notify the Court within seven days of the decision on Defendant Cricket Communications, LLC's Motion to Vacate State Court Class Certification Order [ECF No. 43] in Scott v. Cricket Communications, LLC, GLR-15-3330.

SO ORDERED, on Tuesday, December 12, 2017.

/s/
Marvin J. Garbis
United States District Judge